1

2

3

4

5

6

7

8                        IN THE UNITED STATES DISTRICT COURT

9                     FOR THE EASTERN DISTRICT OF CALIFORNIA

10   L.H. POGUE,

11            Plaintiff,                   No. CIV S-06-0126 LKK PAN P

12       vs.

13   CALIFORNIA DEPARTMENT OF
     CORRECTIONS & REHABILITATION,
14   ET AL.,                               ORDER AND

15            Defendants.                  FINDINGS AND RECOMMENDATIONS

16   _____/

17            Plaintiff is a state prisoner proceeding pro se.  Plaintiff seeks relief pursuant to 42

18   U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C.

19   § 1915.  This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C.

20   § 636(b)(1).

21            Plaintiff has submitted a declaration that makes the showing required by 28

22   U.S.C. § 1915(a).  Accordingly, the request to proceed in forma pauperis will be granted.

23            Plaintiff is required to pay the statutory filing fee of $250.00 for this action.  28

24   U.S.C. §§ 1914(a), 1915(b)(1).  An initial partial filing fee of $1.87 will be assessed by this

25   order.  28 U.S.C. § 1915(b)(1).  By separate order, the court will direct the appropriate agency to

26   collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the

1

1    Court.  Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the

2    preceding month's income credited to plaintiff's prison trust account.  These payments will be

3    forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's

4    account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

5           The court is required to screen complaints brought by prisoners seeking relief

6    against a governmental entity or officer or employee of a governmental entity.  28 U.S.C.

7    § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised

8    claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be

9    granted, or that seek monetary relief from a defendant who is immune from such relief.  28

10   U.S.C. § 1915A(b)(1),(2).

11          A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

12   Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28

13   (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

14   indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

15   490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

16   pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

17   Cir. 1989); Franklin, 745 F.2d at 1227.

18          A complaint, or portion thereof, should only be dismissed for failure to state a

19   claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set

20   of facts in support of the claim or claims that would entitle him to relief.  Hishon v. King &

21   Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer

22   v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a

23   complaint under this standard, the court must accept as true the allegations of the complaint in

24   question, Hospital Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the

25   pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor,

26   Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

1    Plaintiff contends that defendants violated his due process rights by failing to

2 adequately protect his personal property, allowing it to be stolen and failing to compensate

3 plaintiff for his lost property.

4    The United States Supreme Court has held that "an unauthorized intentional

5 deprivation of property by a state employee does not constitute a violation of the procedural

6 requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful

7 postdeprivation remedy for the loss is available."  Hudson v. Palmer, 468 U.S. 517, 533 (1984).

8 Thus, where the state provides a meaningful postdeprivation remedy, only authorized, intentional

9 deprivations constitute actionable violations of the Due Process Clause.  An authorized

10 deprivation is one carried out pursuant to established state procedures, regulations, or statutes.

11 Piatt v. McDougall, 773 F.2d 1032, 1036 (9th Cir. 1985); see also Knudson v. City of

12 Ellensburg, 832 F.2d 1142, 1149 (9th Cir. 1987).

13    In the instant case, plaintiff has not alleged any facts which suggest that the

14 deprivation was authorized.  The California Legislature has provided a remedy for tort claims

15 against public officials in the California Government Code, §§ 900, et seq.  Since plaintiff has

16 not attempted to seek redress in the state system, he cannot sue in federal court on the claim that

17 the state deprived him of property without due process of the law.  The court concludes that this

18 claim must, therefore, be dismissed as frivolous.  See 28 U.S.C. § 1915(d).

19    In accordance with the above, IT IS HEREBY ORDERED that:

20    1.  Plaintiff's request for leave to proceed in forma pauperis is granted.

21    2.  Plaintiff is obligated to pay the statutory filing fee of $250.00 for this action.

22 Plaintiff is assessed an initial partial filing fee of $1.87.  All fees shall be collected and paid in

23 accordance with this court's order to the Director of the California Department of Corrections

24 and Rehabilitation filed concurrently herewith.

25 /////

26 /////

1        IT IS HEREBY RECOMMENDED that this action be dismissed.

2        These findings and recommendations are submitted to the United States District

3  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty

4  days after being served with these findings and recommendations, plaintiff may file written

5  objections with the court.  The document should be captioned "Objections to Magistrate Judge's

6  Findings and Recommendations."  Plaintiff is advised that failure to file objections within the

7  specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951

8  F.2d 1153 (9th Cir. 1991).

9  DATED: July 27, 2006.

10

11                                        _____
                                          UNITED STATES MAGISTRATE JUDGE
12

13  /001; pogu0126.26

14

15

16

17

18

19

20

21

22

23

24

25

26

                                        4